**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ERDENECHIMEG TSEVEENDORJ, | No. 08-70735 |
| Petitioner, | Agency No. A096-167-617 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Erdenechimeg Tseveendorj, a native and citizen of Mongolia, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence, *Singh-Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir. 1999), and we deny the petition.

The record supports the IJ's conclusion that Tseveendorj lacked basic knowledge about her political party's governance of Mongolia and that she did not know the reason for a demonstration that she claimed to have participated in. *See Singh v. Ashcroft*, 367 F.3d 1139, 1142-43 (9th Cir. 2004) (adverse credibility finding supported based in part on "how little knowledge [petitioner] had of political activities in India"). Tseveendorj also testified inconsistently regarding her second contact with Mongolian police, *see Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004), and the IJ reasonably rejected Tseveendorj's explanation for the inconsistency, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, substantial evidence supports the agency's adverse credibility determination. *See Singh-Kaur*, 183 F.3d at 1153. In the absence of credible testimony, Tseveendorj's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Tseveendorj's CAT claim is based on the same evidence that the agency found not credible, and she points to no other evidence showing it is more likely than not she would be tortured if she returns to Mongolia, Tseveendorj's CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**

08-70735